UNITED D STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-P166-R

CHRISTOPHER MONTGOMERY                                           PLAINTIFF

v.

A. CONNER                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christopher Montgomery, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is incarcerated at the Kentucky State Penitentiary (KSP), alleges that Defendant KSP Officer A. Conner made rude remarks to him on two occasions by referring to "cock hairs." Plaintiff also alleges that Defendant has continuously made sexual comments to him. Plaintiff states that he is gay and does not appreciate those type of comments. Plaintiff asserts that Defendant has violated the "Human Rights Article." As relief, he asks for monetary and punitive damages and injunctive relief in the form of a transfer to another prison facility.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

Although sexual in nature, the allegations against Defendant are only of verbal abuse. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment." *Ivey*, 832 F.2d at 954. Verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim. *Id.* at 955; *see Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as

2

such is merely verbal abuse]."); *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Simply put, "[a]cts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment." *Calvert v. Weatherford*, No. 3:13-cv-00274, 2013 WL 1937690, at *2 (M.D. Tenn. May 9, 2013). Thus, Plaintiff has failed to make any allegations of a constitutional dimension.

As to his reference to the "Human Rights Article," it is unclear to what law Plaintiff is referring. To the extent Plaintiff may be alleging a violation of Articles under the "Convention Against Torture,"[1] he has "no cause of action under the Convention Against Torture because it is not self-executing," *Renkel v. United States*, 456 F.3d 640, 645 (6th Cir. 2006), and his allegations do not support "a cause of action under any domestic law implementing the United States' obligations under the Convention." *Id.* at 645. To the extent that he may be alleging his rights under the Universal Declaration of Human Rights (UDHR) have been violated, such a claim would also fail. The UDHR is not a treaty or international agreement which imposes legal obligations. Rather, it is a statement of principles aimed at providing a common standard for international human rights. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004). Because it is not enforceable in American courts, any claims under the UDHR would be subject to dismissal as well.

---

[1] *See* United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, 23 I.L.M. 1027 (the "Convention" or "Convention Against Torture").

## III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
 Defendant
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009